UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Josiah M. Cox and Laura E. Cox, | ) | Case No. 14-04114 |
| | ) | |
| Debtors, | ) | Adv. Pro. No. |
| | ) | |
| | ) | **Complaint to Determine** |
| | ) | **Dischargeabilty of Debt** |
| Jay R. Herigodt & Joy Stowell, | ) | |
| | ) | Jason Charpentier, Esq. |
| Plaintiffs, | ) | Growe Eisen Karlen |
| | ) | 7733 Forsyth, Ste. 325 |
| | ) | Clayton, MO 63105 |
| | ) | 314-725-1912 |
| | ) | jason@groweeisen.com |
| | ) | |
| | ) | Peter D. Kerth |
| | ) | Jenkins & Kling, P.C. |
| v. Josiah M. Cox, | ) | 150 N. Meramec Ave., Ste. 400 |
| | ) | Clayton, MO 63105 |
| Defendant. | ) | 314-721-2525 |
| | ) | pkerth@jenkinskling.com |

**FIRST AMENDED COMPLAINT**

COME NOW Jay R. Herigodt and Joy Stowell (collectively the "Plaintiffs"), and for their

First Amended Complaint to Determine Dischargeability of Debt against debtor Josiah M. Cox,

state as follows:

1.      Josiah M. Cox and Laura E. Cox commenced their Chapter 7 case by filing their

voluntary petition on February 7, 2014.

2.      Plaintiffs are creditors of the debtor Josiah M. Cox (hereinafter the "Debtor").

3.      This Court has jurisdiction over this matter pursuant to 28 USC §§1334 and 157.

This matter is a core proceeding.

4.      Plaintiffs seek a determination that the indebtedness of the Debtor to Plaintiffs is not subject to discharge in this Chapter 7 case pursuant to 11 USC §523(a)(2)(A) in that it arose from the false pretenses, false representation or fraud of the Debtor and his joint tortfeasors Trumpet Builders, LLC and Paul Henkler.

5.      Plaintiffs Jay R. Herigodt and Joy Stowell are a married couple.

6.      In 2011 Plaintiffs decided to build a custom, eco-friendly house to reside in with their children.

7.      Plaintiffs purchased a vacant lot, at the address of 143 West Bless Us Drive, Wentzville, Missouri, for the purpose of building their custom home.

8.      Plaintiffs were given the name of Trumpet Builders, LLC ("Trumpet") as a potential general contractor by an acquaintance.

9.      The Debtor and Paul Henckler ("Henckler") are the members of Trumpet.

10.     The Plaintiffs interviewed the Debtor and Henckler about hiring Trumpet as the general contractor for their home construction project (hereinafter the "Project").

11.     As a part of that interview process and in subsequent conversations, Plaintiffs discussed the payment to a deposit to Trumpet to be used only for expenses related to the Project.

12.      The Debtor and Henckler expressly represented to the Plaintiffs that any deposit paid to Trumpet would be used exclusively for expenses related to the Project.

13.     Upon information and belief, at the time that the Debtor and Henckler made the representation that the deposit would be used exclusively for the Project, they knew that due to the poor financial condition of Trumpet and themselves individually, Trumpet would use any deposit received for its own purposes and to pay personal expenses of the Debtor and Henckler.

14.     Upon information and belief, the Debtor and Henckler made those representations with the intention that the Plaintiffs would rely on the representations if they paid a deposit to Trumpet.

15.     After review of drawings, plans and specifications for the Project, Trumpet submitted their bid to build Plaintiffs' home for $1,572,879.00.

16.     Plaintiffs accepted Trumpet's bid and on February 24, 2012 entered into a contract for the construction of the Project.

17.     Pursuant to the contract, Plaintiffs gave Trumpet a cashier's check in the amount of $80,000.00 as the initial deposit for the project.

18.     Plaintiffs paid this deposit in reasonable reliance upon the representations of the Debtor and Henckler that the deposit would be used exclusively for expenses related to the Project.

19.     Following the execution of the February 24, 2012 contract, Plaintiffs cancelled the contract because the Project appraised for an amount less than the contract prices.  Trumpet did not return the $80,000.00 deposit upon cancellation.

20.     Plaintiffs subsequently entered into a second contract with Trumpet, dated June 4, 2012 with a reduced contract price of $1,289,216.00.  The previous deposit of $80,000.00 was retained by Trumpet to serve as the deposit under this second contract.

21.     No work was performed by Trumpet for the Project.

22.     On September 6, 2012 Plaintiffs terminated the second contract and demanded the return of their initial $80,000.00 deposit.

23.     The termination of the second contract was pursuant to Article 11.3 of the second contract, which provided that either party had the right to terminate the contract with or without cause.

24.     To date, Plaintiffs have not received any money from Trumpet to repay the $80,000.00 deposit.

25.     Trumpet did not use the deposit only for expenses of the Project, but instead used the deposit for unrelated expenses of Trumpet and, upon information and belief, for personal expenses for the benefit of the Debtor and Henckler.

26.     As a result of Trumpet's, the Debtor's and Henckler's tortious breach of the representation that the deposit would be used only for expenses related to the Project, the Plaintiffs have been damaged in the amount of $80,000.00.

27.     Trumpet, the Debtor and Henckler are jointly and severally liable for damages arising from the breach of representation.

28.     Pursuant to 11 USC §523(a)(2)(A), the Debtor's indebtedness to the Plaintiffs is not subject to discharge in bankruptcy because it is indebtedness for money obtained by false pretenses, false representation or actual fraud in the following respects:

     i.    Debtor represented he would only use the deposit money for expenses related to the construction project, when he knew at the time he made that promise the money was going to be used for items wholly unrelated to the project including personal expenses and taxes; and

     ii.    Debtor represented he would return any deposit money that was not used in connection with the contract, but to date has failed to return any money to Plaintiffs even though very little if any of the deposit was spent on matters related to the project because no construction whatsoever occurred in furtherance of the project.

WHEREFORE the Plaintiffs request that the Court enter judgment against the Debtor and in favor of Plaintiffs in the amount of $80,000.00, and further order that the indebtedness of the Debtor to Plaintiffs is not subject to discharge in the Debtor's Chapter 7 case, along with such additional relief as the Court deems appropriate.

Respectfully submitted,

GROWE EISEN KARLEN

By: /s/ Jason A. Charpentier
    Jason A. Charpentier, #52840 MO
    7733 Forsyth Blvd., Suite 325
    Sr. Louis, MO 63105
    (314) 721-1226
    (314) 261-7326 (facsimile)
    jason@groweeisen.com

    -and-

JENKINS & KLING, P.C.

By: /s/ Peter D. Kerth
    Peter D. Kerth, #31682 MO
    150 North Meramec Ave., Suite 400
    St. Louis, Missouri 63105
    (314) 721-2525
    (314) 721-5525 (facsimile)
    pkerth@jenkinskling.com
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri or via U.S. Mail, postage prepaid, this 26th day of August, 2014, to:

Office of the U.S. Trustee
111 South Tenth Street, Suite 6353
St. Louis, MO 63102

Stuart Jay Radloff, Esq.
Chapter 7 Trustee
13321 N. Outer 40 Road, Suite 800
St. Louis, MO 63017

Peter D. Kerth
Jenkins & Kling, P.C.
150 N. Meramec Ave., Suite 400
St. Louis, MO 63105

Robert E. Eggmann
Danielle Suberi
7733 Forsyth Boulevard, Suite 2075
St. Louis, Missouri 63105
T: (314) 881-0800
F: (314) 881-0820
reggmann@demlawllc.com
dsuberi@demlawllc.com
*Attorneys for Defendant Josiah Cox*

         */s/ Jason A. Charpentier*