UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 7 |
| | ) | Honorable Kathy A. Surratt-States |
| JOSIAH M. COX and | ) | Case No.: 14-40765 |
| LAURA E. COX, | ) | |
| | ) | Adversary Case No. 14-04114 |
| Debtors. | ) | |
| | ) | |
| JAY R. HERIGODT and | ) | ANSWER TO FIRST AMENDED |
| JOY STOWELL, | ) | COMPLAINT |
| | ) | |
| Plaintiffs, | ) | Robert E. Eggmann, Esq. |
| | ) | Danielle Suberi, Esq. |
| v. | ) | Desai Eggmann Mason LLC |
| | ) | 7733 Forsyth Boulevard, Suite 800 |
| JOSIAH M. COX, | ) | St. Louis, Missouri 63105 |
| | ) | (314) 881-0800 |
| Defendant. | ) | reggmann@demlawllc.com |
| | ) | dsuberi@demlawllc.com |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW Defendant Josiah M. Cox ("Debtor" or "Defendant"), by and through his undersigned counsel, and for his Answer to the First Amended Complaint filed by Jay R. Herigodt and Joy Stowell (collectively, the "Plaintiffs"), states as follows:

1.   Defendant admits the allegations contained in Paragraph 1 of the First Amended Complaint.

2.   Defendant denies the allegations contained in Paragraph 2 of the First Amended Complaint.

3.   Paragraph 3 of Plaintiffs' First Amended Complaint states legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the First Amended Complaint.

4. Paragraph 4 of Plaintiffs' First Amended Complaint states legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of the First Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the First Amended Complaint.

6. Defendant is without sufficient knowledge, information or belief with which to admit or deny the allegations in Paragraph 6 of the First Amended Complaint, and therefore denies such allegations.

7. Defendant is without sufficient knowledge, information or belief with which to admit or deny the allegations in Paragraph 7 of the First Amended Complaint, and therefore denies such allegations.

8. Defendant is without sufficient knowledge, information or belief with which to admit or deny the allegations in Paragraph 8 of the First Amended Complaint, and therefore denies such allegations.

9. Defendant denies the allegations contained in Paragraph 9 of the First Amended Complaint.

10. To the extent Paragraph 9 of the First Amended Complaint sets forth allegations against non-parties, such allegations do not require a response from Defendant. In further response, Defendant denies all remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the First Amended Complaint.

12. To the extent Paragraph 12 of the First Amended Complaint sets forth allegations against non-parties, such allegations do not require a response from Defendant. In further

response, Defendant denies all remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13. To the extent Paragraph 13 of the First Amended Complaint sets forth allegations against non-parties, such allegations do not require a response from Defendant. In further response, Defendant denies all remaining allegations contained in Paragraph 13 of the First Amended Complaint.

14. To the extent Paragraph 14 of the First Amended Complaint sets forth allegations against non-parties, such allegations do not require a response from Defendant. In further response, Defendant denies all remaining allegations contained in Paragraph 14 of the First Amended Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the First Amended Complaint.

16. Defendant is without sufficient knowledge, information or belief with which to admit or deny the allegations in Paragraph 16 of the First Amended Complaint, and therefore denies such allegations.

17. Defendant denies the allegations contained in Paragraph 17 of the First Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

3

21. Defendant denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25. To the extent Paragraph 25 of the First Amended Complaint sets forth allegations against non-parties, such allegations do not require a response from Defendant. In further response, Defendant denies all remaining allegations contained in Paragraph 25 of the First Amended Complaint.

26. Paragraph 26 of the First Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28. Paragraph 28 and subparts (i) through (ii) of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 28 and subparts (i) and (ii) of Paragraph 28 of the First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

COME NOW Defendant and for his affirmative defenses, states as follows:

1. Plaintiffs' First Amended Complaint fails to state a cause of action upon which relief can be granted.

2. Defendant did not enter into any agreement with Plaintiffs and Plaintiffs fail to state a cause of action against Defendant individually.

3. Plaintiffs first materially breached any alleged agreements that form the basis of their claims, and therefore, Plaintiffs are not entitled to recover thereon. Plaintiffs' breaches include, but are not limited to, their breach of the duty of good faith and fair dealing, fraud, and their failure to provide Defendant with proper credits and/or set-offs.

4. Plaintiffs' First Amended Complaint fails to properly credit or provide a proper set-off for amounts paid by or on behalf of Defendant.

5. Plaintiffs are estopped from enforcing the agreements sued upon against Defendant.

6. Plaintiffs waived their right to enforce the agreements upon which it has sued.

7. Plaintiffs' damages, if any, should be barred and/or reduced because Plaintiffs failed to mitigate their alleged damages.

8. Defendant hereby incorporates by reference any other and further affirmative defenses made known through the course of discovery in this matter, and reserves the right to so amend his affirmative defenses.

Respectfully submitted,

DESAI EGGMANN MASON LLC

By: /s/ *Danielle Suberi*
    ROBERT E. EGGMANN (#37374MO)
    DANIELLE SUBERI (#59688MO)
    7733 Forsyth Boulevard, Suite 800
    St. Louis, Missouri 63105
    (314) 881-0800
    Fax No. (314) 881-0820
    reggmann@demlawllc.com
    dsuberi@demlawllc.com

ATTORNEYS FOR DEFENDANT JOSIAH M. COX

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri or via U.S. Mail, postage prepaid, this 9th day of September, 2014, to:

Office of the U.S. Trustee
111 South Tenth Street, Suite 6353
St. Louis, MO 63102

Stuart Jay Radloff, Esq.
Chapter 7 Trustee
13321 N. Outer 40 Road, Suite 800
St. Louis, MO 63017

Peter D. Kerth
Jenkins & Kling, P.C.
150 N. Meramec Ave., Suite 400
St. Louis, MO 63105

Jason Charpentier, Esq.
Growe, Eisen, Karlen
7733 Forsyth Blvd., Ste. 325
St. Louis, MO 63105

/s/ *Danielle Suberi*

6